Thomas J. Cahill, Esq.
SATTERLEE STEPHENS BURKE & BURKE LLP
33 Wood Avenue South
Iselin, New Jersey 08830
Tel: (732) 603-4966
Attorneys for Defendant Brown & Brown of Connecticut, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| NEW JERSEY TITLE INSURANCE COMPANY, | : |
| Plaintiff, | : Case No.: 11-CV-00630-DMC-JAD |
| -against- | : |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, and BROWN & BROWN OF CONNECTICUT, INC. d/b/a DILL, JOYCE & THRESHER INSURANCE, | : **ANSWER** |
| Defendants. | : |

---

Defendant Brown & Brown of Connecticut, Inc. sued herein as d/b/a Dill, Joyce & Thresher Insurance ("Brown & Brown"), by its counsel Satterlee Stephens Burke and Burke LLP, as and for its answer to the complaint of plaintiff New Jersey Title Insurance Company ("NJTIC"), alleges as follows:

### AS TO JURISDICTION AND VENUE

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 and 2 of the Complaint.

2. Admits the allegations contained in paragraph 3 of the Complaint.

1113320_2

3. With respect to the allegations contained in paragraphs 4 and 5 of the Complaint, Brown & Brown respectfully refers questions of law to the Court.

## AS TO FACTS COMMON TO ALL COUNTS

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 6 and 7 of the Complaint.

5. Denies the allegations contained in paragraph 8 of the Complaint except avers that Brown & Brown assisted NJTIC in procuring certain insurance coverage for NJTIC.

6. Denies the allegations contained in paragraphs 9 through 11, inclusive, of the Complaint.

7. Denies the allegations contained in paragraph 12 of the Complaint except avers that Brown & Brown assisted NJTIC in procuring insurance coverage under the referenced National Union Fire Insurance Company of Pittsburgh, PA bond (the "Bond").

8. With respect to the allegations contained in paragraph 13 of the Complaint, Brown & Brown denies knowledge or information regarding the unspecified policies "National Union issued over the years" except avers that the bond period for the Bond was July 1, 2009 to July 1, 2010.

9. With respect to the allegations contained in paragraphs 14 through 16, inclusive, of the Complaint, Brown and Brown refers the Court to the referenced Bond for a true and accurate description of its contents in proper context.

10. Admits that allegations contained in paragraph 17 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 18 through 22, inclusive of the Complaint.

12. Admits the allegations contained in paragraph 23 of the Complaint and refers to the referenced letter for a true and accurate description of its contents in proper context.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

14. Admits the allegations contained in paragraph 25 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

## AS TO COUNT ONE

17. No response to the allegations contained in paragraphs 28 through 35, inclusive, of the Complaint is required as the claim is not pled against answering defendant.

## AS TO COUNT TWO

18. No response to the allegations contained in paragraphs 36 through 43, inclusive, of the Complaint is required as the claim is not pled against answering defendant.

## AS TO COUNT THREE

19. As for paragraph 44 of the Complaint, Brown & Brown repeats and realleges its answers to the allegations contained in the Complaint with the same force and effect as if set forth herein at length.

20. Denies the allegations contained in paragraph 45 of the Complaint.

21. Admits that NJTIC asserts that it is entitled to coverage under the Bond issued by National Union for the misappropriation of funds and denies the remaining allegations in paragraph 46 of the Complaint.

3

1113320_2

22. Denies the allegations contained in paragraphs 47 and 48, inclusive, of the Complaint.

## AS TO COUNT FOUR

23. As for paragraph 49 of the Complaint, Brown & Brown repeats and realleges its answers to the allegations contained in the Complaint with the same force and effect as if set forth herein at length.

24. With respect to the allegations contained in paragraph 50 of the Complaint, Brown & Brown respectfully refers all questions of law to the Court.

25. Denies the allegations contained in paragraphs 51 through 53, inclusive, of the Complaint.

## AS TO COUNT FIVE

26. As for paragraph 54 of the Complaint, Brown & Brown repeats and realleges its answers to the allegations contained in the Complaint with the same force and effect as if set forth herein at length.

27. Denies the allegations contained in paragraph 55 of the Complaint.

28. Denies the allegations contained in paragraphs 56 and 57 of the Complaint and Brown & Brown respectfully refers all questions of law to the Court.

29. With respect to the allegations contained in paragraph 58 of the Complaint, Brown & Brown avers that it did not so "advise[ ]" NJTIC and refers to the Bond for a true and accurate description of its contents in proper context.

30. Denies the allegations contained in paragraph 59 of the Complaint.

31. Admits the allegations contained in paragraph 60 of the Complaint.

32. Denies the allegations contained in paragraph 61 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. The Complaint, and each of the Counts contained therein, fails to state a claim against Brown & Brown upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2. Upon information and belief, defendant National Union Fire Insurance Company is obligated to provide NJTIC with coverage under the Bond with respect to certain NJTIC losses.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3. Any damages allegedly sustained by the plaintiff were caused by reason of plaintiff's comparative negligence, fault, culpable conduct, and/or carelessness, including, without limitation, plaintiff's culpable conduct pursuant to N.J.S.A. 12A:3-420.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4. Any damages allegedly sustained by plaintiff were caused by reason of the negligence, fault, culpable conduct and/or carelessness of some third person or persons not under the control of defendant Brown & Brown and for whom Brown & Brown had no responsibility.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5. The Complaint, and each of the Counts contained therein, relates to activities, risks and/or obligations assumed by plaintiff.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6. Upon information and belief, plaintiff failed to mitigate its alleged damages, if any.

**WHEREFORE**, defendant Brown & Brown demands judgment dismissing the Complaint and awarding it together with the costs and disbursements of this action and

reasonable attorneys' fees, along with such other and further relief as this Court deems just and proper.

Dated:  April 25, 2011

                                        SATTERLEE STEPHENS BURKE & BURKE, LLP

                                        Attorneys for Defendant Brown & Brown of Connecticut, Inc. sued herein as d/b/a Dill, Joyce & Thresher Insurance

By: _____
      Thomas J. Cahill, Esq.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the 25th day of April, 2011, a true copy of the Answer was served upon:

>Henry J. Catenacci, Esq.
>Lisa J. Trembly, Esq.
>PODVEY, MEANOR, CATENACCI, HILDNER, COCOZIELLO & CHATTMAN
>One Riverfront Plaza, 8th Floor
>Newark, New Jersey 07102
>*Attorneys for Plaintiff New Jersey Title Insurance Company*
>
>Richard S. Mills
>MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
>1300 Mount Kemble Avenue
>P.O. Box 2075
>Morristown, New Jersey 07962-2075
>*Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh*

the address designated by said attorneys for that purpose, by first class mail.

*[signature]*
_____
Thomas J. Cahill, Esq.