Henry J. Catenacci, Esq.
PODVEY, MEANOR, CATENACCI, HILDNER,
COCOZIELLO & CHATTMAN, P.C.
The Legal Center
One Riverfront Plaza, 8th Floor
Newark, New Jersey 07102
(973) 623-1000
Attorneys for Plaintiff, New Jersey Title Insurance Company

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY TITLE INSURANCE COMPANY,<br><br>*Plaintiff,*<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, and BROWN & BROWN OF CONNECTICUT, INC. d/b/a DILL, JOYCE & THRESHER INSURANCE,<br><br>*Defendants.* | Civil Action No. 2:11-cv-630-DMC-JAD<br><br>PLAINTIFF'S NOTICE OF MOTION FOR RECONSIDERATION PURSUANT TO LOCAL R. 7.1(i), OR IN THE ALTERNATIVE FOR LEAVE TO FILE AN AMENDED COMPLAINT PURSUANT TO F.R. Civ. P. 15(a)(2)<br><br>*ORAL ARGUMENT REQUESTED* |

TO:   Richard S. Mills, Esq.
      McElroy, Deutsch, Mulvaney & Carpenter, LLP
      1300 Mount Kemble Avenue
      P.O. Box 2075
      Morristown, NJ 07962-2075
      *Attorney for Defendant, National Union Fire Insurance Company of Pittsburgh*

      Thomas J. Cahill, Esq.
      Satterlee Stephens Burke & Burke
      33 Wood Avenue South, 6th Floor
      Iselin, NJ 08830
      *Attorney for Defendant, Brown & Brown of Connecticut, Inc.
      d/b/a Dill, Joyce & Thresher Insurance*

SIRS:

PLEASE TAKE NOTICE that on Monday, February 6, 2012 at 9:00 a.m., or as soon thereafter as counsel may be heard, Plaintiff, New Jersey Title Insurance Company shall move

before the Honorable Dennis M. Cavanaugh, U.S.D.J. of the United States District Court for the District of New Jersey, Newark vicinage, at the Martin Luther King Jr. Federal Building and United States Courthouse, 50 Walnut Street, Newark, New Jersey, for Reconsideration pursuant to Local R. 7.1(i) of the Order and Opinion entered by the Court on December 29, 2011 granting the Defendant, Nation Union Fire Insurance Company of Pittsburgh's Motion to Dismiss; and

**PLEASE TAKE FURTHER NOTICE** that in the alternative, Plaintiff shall move for leave to file an Amended Complaint pursuant to R. 15(a)(2); pursuant to Local Rule 7.1(f), a copy of the proposed Amended Complaint is attached hereto; and

**PLEASE TAKE FURTHER NOTICE** that in support of this motion, Plaintiff shall rely on the accompanying Brief; and

**PLEASE TAKE FURTHER NOTICE** that proposed forms of Orders for the alternative relief requested accompany this motion.

> PODVEY, MEANOR, CATENACCI, HILDNER,
> COCOZIELLO & CHATTMAN, P.C.
> Attorneys for Plaintiff,
> New Jersey Title Insurance Company
>
> By: _____
> Henry J. Catenacci

DATED: January 12, 2012

#296765

Henry J. Catenacci, Esq.
PODVEY, MEANOR, CATENACCI, HILDNER
COCOZIELLO & CHATTMAN,
A Professional Corporation
The Legal Center
One Riverfront Plaza, 8th Floor
Newark, New Jersey 07102
(973) 623-1000
Attorneys for Plaintiff, New Jersey Title Insurance Company

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY TITLE INSURANCE COMPANY,<br><br>*Plaintiff*,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, and BROWN & BROWN OF CONNECTICUT, INC. d/b/a DILL, JOYCE & THRESHER INSURANCE,<br><br>*Defendants*. | Civil Action No. 2:11-cv-630-DMC-JAD<br><br><br><br>**AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiff, New Jersey Title Insurance Company ("NJTIC"), by its attorneys, Podvey, Meanor, Catenacci, Hildner, Cocoziello & Chattman, P.C., complaining of Defendants, National Union Fire Insurance Company of Pittsburgh ("National Union"), and Brown & Brown of Connecticut, Inc. d/b/a Dill, Joyce & Thresher Insurance ("DJT Ins."), states as follows:

### JURISDICTION AND VENUE

1. NJTIC is a corporation organized and existing under the laws of the State of New Jersey having its principal place of business located at 400 Lanidex Plaza, 2nd Floor, in the Township of Parsippany, New Jersey, County of Morris, State of New Jersey.

2. Defendant, National Union is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having its principal place in a State other than New Jersey.

3. Defendant, DJT Ins. is a corporation organized and existing under the laws of the State of Connecticut, having its principal place in a State other than New Jersey.

4. Subject matter jurisdiction exists under 28 U.S.C. § 1332 by reason of the diversity of citizenship of the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue for this matter is proper in the District of New Jersey under 28 U.S.C. § 1391(a)(2) and (3).

## FACTS COMMON TO ALL COUNTS

6. NJTIC is a title insurance company in the business of underwriting title insurance policies.

7. In the course of its business, NJTIC enters into contracts with agents who, *inter alia*, issue the title insurance policies.

8. At all times relevant hereto, NJTIC engaged DJT Ins., an insurance broker, to obtain and place insurance coverage for it.

9. NJTIC's requested that DJT Ins. obtain an insurance policy covering an agent's dishonesty and theft.

10. NJTIC relied on DJT Ins.'s expertise as an insurance broker to secure all necessary coverage and to thereby protect it from liability arising from all foreseeable risks and hazards.

11. DJT Ins. agreed to obtain insurance coverage for NJTIC covering an agent's dishonesty and theft.

2

12. Thereafter, DJT Ins. obtained insurance coverage under a Financial Institution Bond issued by Defendant, National Union.

13. National Union issued several policies over the years including Bond No. 02-283-42-48, which had a policy period of July 1, 2009 through July 1, 2010.

14. The Bond, under Rider 6, included coverage for an Agent's Fidelity.

15. Rider 6 to the Bond, provides coverage for:

> 1. The **INSURING AGREEMENTS** Clause of the attached bond is amended by adding the following additional Insuring Agreement to the end thereof:
>
> ### AGENTS FIDELITY
>
> Loss resulting directly from dishonest or fraudulent acts committed by an Agent named or described below acting alone or in collusion with others. Such dishonest or fraudulent acts must be committed by the Agent with the manifest intent:
>
> a) to cause the Insured to sustain such loss; and
> b) to obtain a financial benefit for the Agent.
>
> As used in this Insuring Agreement, financial benefit does not include any salaries, commissions, fees, bonuses, promotions, awards, profit sharing, pensions or other benefits earned in the normal course of the agency relationship.
>
> 2. Only an Agent named or described below is covered under the Agents Fidelity Insuring Agreement, and then only for the amount up to the Single Loss Limit of Liability applicable to that Agent. Any amount paid by the Underwriter under the AGENTS FIDELITY Insuring Agreement is a part of, and not in addition to, the amount set forth in Item 3 on the Declarations Page of the bond. The Single Loss Deductible Amount applicable to Insuring Agreement (A), as set forth in the Declarations, is applicable to the AGENTS FIDELITY Insuring Agreement.
>
> **Agents:**
>
> Single Loss Limit of Liability of $1,000,000 applicable to [all agents provided with the renewal bind order received from ARC Excess on 06/24/2009, inclusive of parts 1, 2, 3 and 4], which is part of, and not in addition to, the Aggregate Limit of Liability.

3

        Aggregate Limit of Liability of $1,000,000 applicable to [all agents provided with the renewal bind order received from ARC Excess on 06/24/2009, inclusive of parts 1, 2, 3, and 4.

16. Landserv Title, LLC ("Landserv") is an "agent named or described below" as required by the Rider. More specifically, Landserv is an "agent provided with the renewal bind order received from ARC Excess of 6/24/2009, inclusive of Parts 1, 2, 3, and 4" or should have been.

17. In June, 2009, Plaintiff provided the name of Landserv, as one of the agents to be covered under Rider 6, to the broker(s) to be provided to National Union for inclusion in the renewal bind order to effectuate such coverage.

18. Pursuant to custom and practice in the industry, this request made Landserv an "agent named or described below" in Rider 6, as an "agent provided with the renewal bind order" or which should have been.

19. Pursuant to the Rider, the term "Agent" includes employees or principals of the Agent.

20. NJTIC paid National Union substantial premiums for the Bond.

21. NJTIC entered into an "Agency Agreement" ("Agreement") with Landserv Title, LLC ("Landserv") dated May 22, 2008.

22. Landserv was engaged to act as NJTIC's agent pursuant to the Agency Agreement, other agreements, and the custom and practice in the industry, and held settlement in the course of that agency.

23. In November, 2009, NJTIC discovered that an employee and/or principal of Landserv, in the course of her engagement, misappropriated funds which NJTIC was required to pay. Such misappropriated funds constituted a loss of property either owned by NJTIC, held by

4

NJTIC in any capacity or for which NJTIC was legally liable (separate and apart from any insurance policy issued by it or any other contractual obligation relating to such policy).

24. The employee and/or principal of Landserv, a named Agent of Landserv, misappropriated the funds with the clear intent that NJTIC sustain a loss and in order to obtain a benefit for herself.

25. NJTIC did not have any other valid or collectible insurance or indemnity for the loss of property due to misappropriation by Landserv, nor did any other person or entity.

26. There is no exclusion in the Bond which would exclude Plaintiff's claim.

27. NJTIC filed a timely claim with National Union for coverage for its loss associated with the misappropriation of its funds by Landserv.

28. By letter dated September 29, 2010, National Union denied coverage.

29. National Union has failed to make payments pursuant to the terms of the Bond.

30. NJTIC has also submitted two additional claims to National Union under the Bond relating to the misappropriation of funds by two other agents, VIP and Hawthorne Abstract.

31. National Union has advised that it will be denying those claims.

32. NJTIC will suffer additional losses as a result of National Union's improper denial of those claims.

## COUNT ONE

### BREACH OF CONTRACT AGAINST NATIONAL UNION

33. NJTIC repeats and realleges each and every allegation as if fully set forth herein.

34. Pursuant to the Bond issued by National Union, National Union agreed to provide coverage for the agent's misappropriation of funds by an agent identified in Rider 6.

5

35. NJTIC's agent, Landserv, an agent named or described in Rider 6 or which should have been named or described in Rider 6 pursuant to Plaintiff's express request, misappropriated funds resulting in substantial losses to NJTIC of property specifically covered under the terms of the Bond, more specifically property which NJTIC owned or for which it was legally liable by virtue of agreements with Landserv and its customers and by virtue of applicable agency law principles, but separate and apart from any obligation under any insurance policy issued by NJTIC.

36. NJTIC filed a claim for coverage under the Bond.

37. National Union improperly denied NJTIC's claim.

38. NJTIC suffered damages due to the improper denial of its claim.

39. National Union's breach of contract was the sole and proximate cause of NJTIC's damages.

40. The total amount of NJTIC's losses and claim is at least $682,863.82.

**WHEREFORE,** Plaintiff, New Jersey Title Insurance Company, demands judgment against National Union Fire Insurance Company of Pittsburgh for all of its losses, including any consequential losses resulting from National Union's breach of contract, plus costs, attorneys' fees, and such other and further relief as this Court deems just, equitable and proper.

## COUNT TWO

### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING/BAD FAITH AGAINST NATIONAL UNION

41. NJTIC repeats and realleges each and every allegation as if fully set forth herein.

42. An insurer owes a duty of good faith to its insured in processing the insured's claims.

43. In every contract, there is an implied covenant of good faith and fair dealing.

44. Coverage for NJTIC's losses under the Bond issued to it by National Union is clear and is not debatable.

45. National Union has previously paid similar claims filed by NJTIC under Bonds issued by it with identical coverage and language.

46. NJTIC had a reasonable expectation of coverage under the Bond for its losses.

47. National Union breached the covenant of good faith and fair dealing by refusing to honor the Bond and pay NJTIC's claim.

48. NJTIC suffered foreseeable damages that were in the contemplation of the parties as a result of National Union's bad faith.

49. National Union's breach of the implied covenant of good faith and fair dealing was the sole and proximate cause of NJTIC's damages.

**WHEREFORE**, Plaintiff, New Jersey Title Insurance Company, demands judgment against National Union Fire Insurance Company of Pittsburgh for all of its losses, exemplary and consequential damages, plus costs, attorneys' fees, and such other and further relief as this Court deems just, equitable and proper.

## COUNT THREE

### BREACH OF CONTRACT AGAINST DJT INS.

50. NJTIC repeats and realleges each and every allegation as if fully set forth herein.

51. DJT Ins. agreed to obtain insurance coverage for NJTIC for an agent's dishonesty and theft.

52. While NJTIC asserts that it is entitled to coverage under the Bond issued by National Union for the misappropriation of funds, if it is determined that there is no such coverage, then DJT Ins. is liable to NJTIC.

7

53. DJT Ins. breached its contract with NJTIC to obtain coverage for employee dishonesty and theft.

54. NJTIC suffered damages caused by DJT Ins.'s breach.

**WHEREFORE,** Plaintiff, New Jersey Title Insurance Company, demands judgment against Brown & Brown of Connecticut, Inc. d/b/a Dill, Joyce & Thresher Insurance for all of its losses, plus costs, attorneys' fees, and such other and further relief as this Court deems just, equitable and proper.

## COUNT FOUR

### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST DJT INS.

55. NJTIC repeats and realleges each and every allegation as if fully set forth herein.

56. In every contract, there is an implied covenant of good faith and fair dealing.

57. If it is determined that there is no coverage under the Nation Union Bond, DJT Ins. breached its covenant of good faith and fair dealing, by not obtaining the coverage that NJTIC contracted with it to obtain.

58. NJTIC suffered damages as a result of DJT Ins.'s breach.

59. DJT Ins.'s breach of the implied covenant of good faith and fair dealing was the sole and proximate cause of NJTIC's damages.

**WHEREFORE,** Plaintiff, New Jersey Title Insurance Company, demands judgment against Brown & Brown of Connecticut, Inc. d/b/a Dill, Joyce & Thresher Insurance for all of its losses, plus costs, attorneys' fees, and such other and further relief as this Court deems just, equitable and proper.

## COUNT FIVE

## PROFESSIONAL MALPRACTICE/NEGLIGENCE

60. NJTIC repeats and realleges each and every allegation as if fully set forth herein.

61. DJT Ins. holds itself out as having unique expertise, ability, and qualifications to obtain insurance for its clients.

62. DJT Ins. had a duty to make certain that it had all necessary coverage that NJTIC reasonably expected would exist under the insurance that DJT Ins. placed for it.

63. If DJT Ins. could not place insurance coverage that met NJTIC's reasonable expectations, it had a duty to so advise them.

64. DJT Ins. never advised NJTIC that the policies it had brokered and placed omitted coverage for an agent's fidelity.

65. NJTIC relied on DJT Ins.'s skill and expertise to secure the all insurance coverage it requested and required.

66. National Union has denied NJTIC's claim for coverage.

67. If National Union continues to refuse to provide appropriate coverage to NJTIC and it is determined that under the terms of the Bond it is not required to provide coverage, DJT Ins. failed to perform its duties competently, and its breach of duty will have damaged NJTIC accordingly.

**WHEREFORE,** Plaintiff, New Jersey Title Insurance Company, demands judgment against Brown & Brown of Connecticut, Inc. d/b/a Dill, Joyce & Thresher Insurance for all of its losses, plus costs, attorneys' fees, and such other and further relief as this Court deems just, equitable and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues in the within action.

> PODVEY, MEANOR, CATENACCI, HILDNER
> COCOZIELLO & CHATTMAN, P.C.
> Attorneys for Plaintiff, New Jersey Title
> Insurance Company
>
>
> By:_____
>       Henry J. Catenacci, Esq.

Dated:

296839

10

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to Local Rule 11.2, I hereby certify that to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration or administrative proceeding.

_____
Henry J. Catenacci, Esq.

Dated:

296912

11